**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1370**

---

MESSAY TESFAYE TESEMA,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: October 10, 2012            Decided: November 8, 2012

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Jason A. Dzubow, DZUBOW, SARAPU & PILCHER, PLLC, Washington, D.C., for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Leslie McKay, Assistant Director, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Messay Tesfaye Tesema, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not

2

eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the finding that Tesema failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground. See 8 U.S.C. § 1158(b)(1)(B)(i) (2006) (providing that an asylum applicant must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant"). We therefore uphold the denial of Tesema's requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Additionally, Tesema challenges the denial of his request for protection under the Convention Against Torture. To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). Based on our review

of the record, we conclude that substantial evidence supports the denial of his request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED